GEORGE F. GIBBS, *Plaintiff in Error*,

*vs.*

JAMES HOLCOMB, *Defendant in Error*.

ERROR TO THE DANE COUNTY COURT.

An agent duly authorized, may bind his principal by a submission to arbitration; but in all cases, before the acts or admissions of an' agent can be given in evidence, the fact of his agency must be proved.

On the 15th day of January, 1852, James Holcomb, the defendant in error, commenced a suit by attachment before Wm. N. Seymour, a justice of the peace of Dane county, against George F. Gibbs, the plaintiff in error. The writ was returned the 19th of January, 1852, "served by attaching one grey mare belonging to the defendant. No service on the defendant, he not being found in the county, by Eli Bently, constable." It further appears from the return of the justice, that on the 19th day of January, the return day of the writ, the plaintiff appeared, and the defendant appeared by Botkin & Hood, and on their motion, the plaintiff was ordered to file security for costs, which he did. That Botkin & Hood waived the publication of notice, required by the statute, and on their motion, the cause was adjourned until the 29th of January, at 10 o'clock P. M. On the adjourned day, the plaintiff appeared and filed his declaration in writing, when the defendant's counsel withdrew their appearance for the defendant; whereupon, the justice ordered the notice required by the statute to be published in the "Wisconsin Argus," and adjourned the cause until the 20th day of February, 1852, at 10 o'clock A. M. On this last adjourned

day the plaintiff appeared, and on his motion, the cause was further adjourned until March 1, 1852. On this day the plaintiff appeared and filed proof of publication, and Mr. Hood appeared for the defendant. Hiram Van Orman was sworn as a witness for the plaintiff, the defendant offering no testimony. Judgment was rendered against the defendant by default, for the sum of $5.44 damages, and for $9.24 costs of suit.

A writ of certiorari was sued out of the County Court, upon the affidavit of one Samuel G. Curtis, as the agent of the plaintiff in error, and upon the hearing, the County Court affirmed the judgment of the justice.

It further appears, that the following was the evidence before the justice, given by Hiram Van Ornam, a witness produced by the defendant in error, to wit: That he was present when Holcomb, and Curtis as the agent of Gibbs, agreed to submit Holcomb's claim to the arbitrament and award of William Webb and Amos Beecher, and said arbitrators made their award as follows: That Curtis, as the agent of Gibbs, should pay Holcomb twenty dollars, and also pay certain costs in a suit commenced by Holcomb against Gibbs, before William N. Seymour, and that proceedings in said suit should be stopped. That said submission and award were not in writing, nor were the arbitrators sworn. That Curtis paid the twenty dollars according to the award, but refused to pay the costs. That in the former suit, which was the subject matter of the arbitration, Curtis had admitted and testified that he was the agent of Gibbs.

This suit was brought on the award before mentioned, to recover that portion of it which had reference to the costs of the former suit.

The return of the justice is irregular, and the printed case of the plaintiff in error defective, but the foregoing is sufficient to exhibit the point decided by the court, and on which the case turned.

*T. Hood* for the plaintiff in error.

*Vilas & Remington* for the defendant in error.

*By the Court*, CRAWFORD, J. By the return of the justice of the peace, before whom this case was originally tried, we find that the only witness sworn on the trial was Hiram Van Orman; from whose testimony it appeared, that in the submission and arbitration which had before that time been entered into, and upon the award in which this suit was brought, one S .muel G. Curtis had acted as agent of the defendant, (George F. Gibbs,) and that in a former suit against Curtis, as garnishee of Gibbs, he (Curtis) had testified that he was the agent of Gibbs, and as such agent, had entered into the arbitration. Gibbs was present at the trial before the justice, and might have been sworn, but he was not.

We cannot discover any evidence in the case which could render the award sued upon, in any manner binding upon the defendant, Gibbs, for the mere admission of Curtis that he was the agent of the defendant was not sufficient, nor was it enough to prove by Van Orman, that in another proceeding Curtis had sworn that he was such agent. There is no doubt that an agent duly authorized, may bind his principal by a submission to arbitration, (*Watson on Arbitration and Awards*, p. 50,) but in all cases, before the acts or admissions of an agent can be given

in evidence, the fact of his agency must be proved.

In this case, there was no such proof contained in the return of the justice of the peace to the writ of *certiorari*, and for that reason the County Court should have reversed the judgment of the justice.

The judgment of the County Court, and that of the justice of the peace, must therefore be reversed with costs.